BEFORE THE FIRST DIVISION, MARCH 18, 1953

**No. 57156.**—Artek-Pascoe in New York, Inc. *v.* United States, protests 140423–K and 150260–K (New York).

OLIVER, Chief Judge: This case involves the classification of two lots of alpaca wool rugs. The collector assessed duty thereon at the rate of 60 per centum ad valorem under the provision in paragraph 1117 (c) of the Tariff Act of 1930 for "All other floor coverings, including mats and druggets, wholly or in chief value of wool, not specially provided for, * * * valued at more than 40 cents per square foot * * *."

Plaintiff makes two claims. The principal claim is for classification under paragraph 1116 (a), as modified by the trade agreement with Iran, T. D. 51067, which provides for "Oriental, Axminster, Savonnerie, Aubusson, and other carpets, rugs, and mats, not made on a power-driven loom, plain or figured, whether woven as separate carpets, rugs, or mats, or in rolls of any width," and carries a duty assessment of 25 cents per square foot, but not less than 22½ per centum ad valorem. It is alternatively claimed that the present merchandise is

classifiable under the provisions of paragraph 1117 (a) of the Tariff Act of 1930 which, so far as pertinent, read as follows:

* * * velvet or tapestry carpets, rugs, and mats; and carpets, rugs, and mats, of like character or description; all the foregoing, valued at not more than 40 cents per square foot; 40 per centum ad valorem; * * *.

At the trial, the case was submitted on an oral stipulation, wherein the parties agreed that "the rugs at bar are not made on a power-driven loom. They have a basket weave throughout, and are known as kelims." (R. 2.)

To support plaintiff's position, counsel, in their brief, call attention to The New International Encyclopaedia, Second Edition (1920), and refer specifically to two pages of that publication wherein "kelims" are mentioned in the course of discussions relating to oriental rugs and carpets. It is argued from those references that "kelims have two significant characteristics; (a) they are an oriental type of rug, and (b) they are a tapestry-woven type of rug * * *."

The consular invoice covering the shipment in question shows that the rugs in question are products of Peru and that they were exported from Lima, Peru. Furthermore, amicus curiae, in his brief, shows, by reference to different publications, that there are different types of kelims, and that the basket weave does not necessarily establish that the articles in question are tapestry-woven types of rugs.

The broad and general stipulated facts, standing alone, as they appear herein, are not sufficient to establish either of plaintiff's claims. In view of the meager record before us, it should be emphasized that the classification adopted by the collector is presumptively correct, and that plaintiff, in protesting the collector's action, has assumed the twofold burden of proving not only that the classification made by the collector is erroneous but also that its own claimed classification is correct. Joseph E. Seagram & Sons, Inc. v. United States, 30 C. C. P. A. (Customs) 150, C. A. D. 227; United States v. Enrique C. Lineiro, 37 C. C. P. A. (Customs) 5, C. A. D. 410.

On the record before us, plaintiff has failed to overcome the presumption attaching to the collector's classification. The protests are, therefore, overruled and judgment will be rendered accordingly.